UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Maynor Y. Hernandez Meza,                                Case No. 4:18-cv-2743

    Petitioner

v.                                                       MEMORANDUM OPINION

Warden Christopher Larose, et al.,

    Respondents

## I.    Introduction

On November 28, 2018, Petitioner Maynor Y. Hernandez filed a § 2241 petition for a writ of habeas corpus. (Doc. No. 1). The same day he filed a combined motion for a temporary restraining order and preliminary injunction. (Doc. No. 2). After a telephonic status conference, I denied the motion for a temporary restraining order without prejudice and ordered the pending motion be treated as one requesting a preliminary injunction. (Doc. No. 6). Respondents filed a memorandum in opposition to preliminary injunctive relief and move for dismissal of the petition based on lack of subject matter jurisdiction. (Doc. No. 7). Petitioner replied in support of injunctive relief and opposed dismissal. (Doc. No. 8). Following the issuance of a controlling Sixth Circuit opinion, Respondents filed a motion for leave to file a surreply. (Doc. No. 9)

## II.    Background

Petitioner is an eighteen-year-old citizen of Honduras. (Doc. No. 1 at 2). His mother, minor brother, and minor sister have been in the United States for some time and are applying for asylum. *Id.* at 2, 8. But Petitioner recently entered the United States following an alleged attempt on

his life and subsequent threat of murder in Honduras. *Id.* at 2, 8. He was apprehended upon entry and has been detained since approximately September 11, 2018.[1] *Id.* at 2, 9.

Because Petitioner claimed he was entitled to asylum, he participated in a "credible fear" interview on September 24, 2018. *Id.* at 9. The asylum officer found Petitioner did not possess the requisite credible fear for asylum, a decision which was approved by the supervisory asylum officer the same day. *Id.*

As a result of this adverse credible fear decision, Petitioner sought the assistance of counsel on October 2, 2018, to assist him in preparation for a hearing before the Immigration Judge, scheduled for 4:30 p.m. on October 16, 2018. *Id.* Petitioner's counsel began gathering evidence for that hearing.

The day of the hearing, counsel filed a notice of appearance and nearly sixty pages of evidence in support of Petitioner's credible fear allegation. *Id.* But when counsel arrived at the hearing room at 4:15 p.m., he found that the hearing had been held at 3:00 p.m., more than an hour before scheduled. *Id.* Further, the Immigration Judge had not reviewed the evidence supplied by counsel and incorrectly stated Petitioner was not represented by counsel. *Id.* at 10.

### III. JURISDICTION

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (citations omitted).

In this case, Petitioner proposes I may exercise jurisdiction over this § 2241 habeas petition in one of two ways. The first by statute under the REAL ID Act of 2005, 8 U.S.C. § 1252(e)(2); the

---

[1] Petitioner is currently detained at the Northeast Ohio Correctional Center in Youngstown, Ohio. (Doc. No. 2-1 at 1).

second by declaration that the same statutory section is unconstitutional under the Suspension Clause as applied to Petitioner. Both arguments must fail.

## A. REAL ID ACT OF 2005

The REAL ID Act of 2005 grants the district court limited jurisdiction over habeas corpus proceedings challenging expedited removal determinations made under 8 U.S.C. § 1225(b)(1). Specifically, the district court may review only determinations of:

> (A) whether the petitioner is an alien,
> (B) whether the petitioner was ordered removed under such section, and
> (C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 1157 of this title, or has been granted asylum under section 1158 of this title, such status not having been terminated, and is entitled to such further inquiry as prescribed by the Attorney General pursuant to section 1225(b)(1)(C) of this title.

8 U.S.C. § 1252(e)(2). Petitioner alleges his petition is reviewable under § 1252(e)(2)(B) because he was not "ordered removed" pursuant to the procedures proscribed to issue such an order. But the scope of judicial inquiry as to whether a petitioner was "ordered removed" is restricted "to whether such an order in fact was issued and whether it relates to the petitioner. There shall be no review of whether the alien is actually inadmissible or entitled to any relief from removal." § 1252(e)(5).

Petitioner urges a broad interpretation of § 1252(e)(5), stating that a literal interpretation of the first sentence would render the second superfluous. (Doc. No. 8 at 22). He is not the first to argue the same.[2] But like my colleagues who have encountered this argument before me, I too, find

---

[2] *See Castro v. U.S. Dep't of Homeland Sec.*, 835 F.3d 422, 430-31 (3d Cir. 2016) ("As for their argument that the government's construction renders superfluous the second sentence of § 1252(e)(5), we think the better reading is that the second sentence simply clarifies the narrowness of the inquiry under the first sentence, i.e., that review should only be for whether an immigration officer issued that piece of paper and whether the Petitioner is the same person referred to in that order.") (quotation omitted); *M.S.P.C. v. U.S. Customs and Border Prot.*, 60 F. Supp. 3d 1156, 1163-64 (D.N.M. 2014) ("Rather than being superfluous, however, the second sentence seems to clarify that Congress really did mean what it said in the first sentence—review should only be for whether an immigration officer issued that piece of paper and whether the Petitioner is the same person referred to in that order. It appears that Congress contemplated that courts may not like the restricted review set forth in the first sentence, so in the second sentence, it foreclosed courts from using a more expansive interpretation of the first sentence."), *vacated as moot*, No. 14-769, 2015 WL 7454248 (D.N.M. Sept.

3

the second sentence merely clarifies the first and reaffirms the narrow scope of judicial review. Accordingly, while I empathize with Petitioner's plight, the statute is not ambiguous and "must be enforced according to its plain meaning, even if doing so may lead to harsh results." *Castro v. U.S. Dep't of Homeland Sec.*, 835 F.3d 422, 430 (3d Cir. 2016) (citing *Lamie v. U.S. Tr.*, 540 U.S. 526, 534, 538 (2004)). Because the statute clearly states that I may only review whether an order relating to the petitioner was issued, I do not have jurisdiction to consider whether it was *lawfully* done.[3]

## B.  SUSPENSION CLAUSE

The Suspension Clause states, "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl. 2. This Clause requires "some 'judicial intervention in deportation cases.'" *I.N.S. v. St. Cyr*, 533 U.S. 289, 300 (2001) (quoting *Heikkila v. Barber*, 345 U.S. 229, 235 (1953)). But, in accordance with the recent, published opinion of the Sixth Circuit, the Suspension Clause will only be "triggered" when "the common-law writ could not have granted Petitioners' requested relief." *Hamama v. Adducci*, -- F.3d --, Nos. 17-2171, 18-1233, 2018 WL 6722734, at *4 (6th Cir. Dec.

---

23, 2015); *Diaz Rodriguez v. U.S. Customs and Border Prot.*, No. 6:14-cv-2716, 2014 WL 4675182, at *2 (W.D. La. Sept. 18, 2014) ("The second sentence of Section 1252(e)(5)—expressly declaring that there is no review of admissibility or relief from removal—is most fairly interpreted as a clarification and attempt by Congress to foreclose narrow interpretations of the first sentence of Section 1252(e)(5). This interpretation renders neither sentence 'mere surplusage.'"), *vacated as moot sub nom. Diaz-Rodriguez v. Holder*, No. 14-31103, 2014 WL 10965184 (5th Cir. Dec. 16, 2014).

[3] Petitioner relies upon *Smith v. U.S. Customs and Border Protection*, 741 F.3d 1016 (9th Cir. 2014), for the argument that I may consider whether he was *lawfully* removed. But this case does not affirmatively stand for the position that I may exercise such jurisdiction. Instead, it assumes jurisdiction in order to find that the petitioner was lawfully removed on the merits and thus not entitled to habeas relief. See 741 F.3d at 1021 ("Smith argues that he was not 'ordered removed under [8 U.S.C. § 1225]' because the CBP could not lawfully remove him under that statute. Accepting his theory at face value, Smith nonetheless cannot prevail because he was in fact removed under § 1225.") (alteration in original). Further, this out-of-circuit case is something of an anomaly even within the Ninth Circuit. *See, e.g., Thuraissigiam v. U.S. Dep't of Homeland Sec.*, 287 F. Supp. 3d 1077, 1081-82 (S.D. Cal. 2018) (citing cases and distinguishing *Smith*). My holding here is consistent with the majority of courts who have addressed this issue. *See, e.g., Castro*, 835 F.3d at 429-33 (citing cases); *Bansci v. Nielsen*, 321 F. Supp. 3d 729, 735-36 (W.D. Tex. 2018) (citing cases); *Thuraissigiam*, 287 F. Supp. 3d at 1080-82 (citing cases). *Cf. American-Arab Anti-Discrimination Comm. v. Ashcroft*, 272 F. Supp. 2d 650, 663 (E.D. Mich. 2003).

20, 2018).⁴  According to *Hamama*, the relief available under the common-law writ is confined to "release from custody." *Id.*

In *Hamama*, petitioners "sought 'a stay of removal until they ... had a reasonable period of time to locate immigration counsel, file a motion to reopen in the appropriate administrative immigration forum, and have that motion adjudicated to completion in the administrative system, with time to file a petition for review and request a stay of removal in a federal court of appeals.'" *Id.*  The Circuit held the Suspension Clause was not triggered because the stay of removal requested could not have been granted by the common-law writ. *Id.*  In reasoning the Circuit quoted *Munaf v. Geren*, 553 U.S. 674, 693-94 (2008), for the position that "'[t]he nature of the relief sought by the habeas petitioners suggests that habeas is not appropriate in these cases' because 'the last thing petitioners want is simple release' but instead a 'court order requiring the United States to shelter them.'" *Id.*  Confronting the perceived departure from *St. Cyr.*, as recognized by the *Hamama* dissent, the majority distinguished the case, stating, "St. Cyr sought cancellation of removal, which would have entitled him to be *released* into and remain in the United States.  Petitioners here seek withholding of removal, which would entitle them *not* to be released into Iraq." *Id.* (citations omitted).

The relief sought in this case is similar to that sought in *Hamama*.  In the habeas petition, Petitioner seeks the following relief:

> A. Declare that the negative credible fear review hearing did not comply with Due Process, the APA, the applicable immigration and asylum statutes, and the Rehabilitation Act;
>
> B. Preliminarily and permanently enjoin defendants from removing petitioner/plaintiff from the United States or transferring him out of this District unless and until a Constitutionally sufficient and statutorily and regulatorily compliant review is conducted;

---

⁴ This case was properly brought to my attention by Respondent in the unopposed motion for surreply, which is still pending.  Considering the case controlling on the Suspension Clause analysis, I conclude the additional arguments proposed in the surreply dispensable since they merely reiterate *Hamama* or respond to Petitioner's now moot Suspension Clause arguments.  Therefore, the motion for surreply is denied as moot.

5

> C. Order the defendants to grant petitioner/plaintiff a new review hearing using lawful means, which include but are not limited to allowing him to have a consultant and/or attorney present to help him prepare and to assist him during the interview, and to require the adjudicator to receive and fully review all the evidence submitted;
>
> D. Order the defendants to pay reasonable attorneys' fees and costs;
>
> E. Order any other relief that is deemed appropriate.

(Doc. No. 1 at 13-14). Further, in his motion for preliminary injunction, Petitioner seeks a temporary restraining order, prohibiting the defendants from:

> 1) taking any action that would, by design or effect, result in plaintiff's deportation until further order of this Court; and 2) moving or otherwise changing the conditions of plaintiff's detention until further order of this Court.

(Doc. No. 2-1 at 7). None of these requests falls within the Sixth Circuit's defined common-law writ remedy of "release from custody." Petitioner does not seek cancellation of removal, but instead withholding of removal until he has second opportunity to present his case for asylum. Because this type of relief is not available on habeas, the Suspension Clause is not triggered here.

## V. CONCLUSION

For the foregoing reasons, I must dismiss this case for lack of subject matter jurisdiction. Accordingly, Respondents' motion to dismiss is granted, (Doc. No. 7), and Petitioner's motion for preliminary injunction is denied. (Doc. No. 2). Further, as discussed above, Respondents' motion for surreply is denied as moot. (Doc. No. 9).

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge